Jeffrey J. Hepworth, ISB#3455
JEFFREY J. HEPWORTH, P.A.
   & ASSOCIATES
199 N. Capitol Blvd., Suite 501
P.O. Box 2815
Boise, ID 83701-2815
Telephone:  (208) 333-0702
Facsimile:  (208) 246-8655
jhepworth@idalawyer.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

* * * * *

| | |
|---|---|
| PAULA SCOTT, | Case No. _____ |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ALBION HIGHWAY DISTRICT, | |
| Defendant. | |

* * * * *

I.

## NATURE OF CLAIM

1. This is an action brought under Title VII of the Civil Rights Act for sex discrimination, 42 USC § 2000e-2(a)(1) and 42 USC § 2000e(k)

## II.

## PARTIES, JURISDICTION AND VENUE

2. The Plaintiff, Paula Scott, is an individual residing at 51 East, 500 South, Rupert, Idaho, and shall hereinafter be referred to as "Scott."

3. The Defendant, Albion Highway District (herein referred to as "AHD"), is a governmental entity organized and created pursuant to statute in Title 40, Chapter 13 of the Idaho Code. Pursuant to I.C. § 40-1309 AHD has the corporate powers to sue and be sued. The AHD does business in or near the town of Albion, Idaho in Cassia County.

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC 1331 and 28 USC § 2000e-2(a) which prohibits discrimination in employment on the basis of a person's sex. Scott's damages exceed $100,000.00.

5. Venue is proper in the State of Idaho as AHD is a governmental corporation with the power to sue and be sued in the State of Idaho pursuant to I.C. § 40-1309.

## III.

## INTENTIONAL DISCRIMINATION DUE TO SEX

6. Scott incorporates the above allegations in Section III as if set forth at length herein.

7. On or about June 4, 2013, Scott became employed by AHD on an as needed basis to perform duties for AHD including road maintenance and repair work. After she became employed the AHD commissioners requested Scott to pursue education at State of Idaho Transportation funded classes to become a certified "Road Master."

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

8. Between June 2013 and May 2015 Scott performed the work duties assigned to her, pursued the requested educational classes on her own time and studied diligently to become qualified as first a State of Idaho certified "Road Scholar" and ultimately a certified "Road Master" to enable her to better perform the job as an AHD employee. The one or two day classes were held all over the state of Idaho including Twin Falls, Boise, Mackay, American Falls, and Idaho Falls. Scott became a certified "Road Master" on or about May 19, 2015.

9. Due to her extensive work experience and training, Scott was qualified and had experience operating and working on all of the equipment used by AHD including the road grader. Initially Scott was paid $16.00 per hour with no benefits but was raised to $20.00 per hour after obtaining her Road Master certification.

10. In 2015 there was an election held for AHD and all of the commission positions were replaced by new commissioners. The first official commissioner meeting was held July 8, 2015. The second meeting was scheduled for August 7, 2015.

11. Scott had always received excellent job reviews and had never been disciplined while employed at AHD. To Scott's knowledge she performed her job duties as requested and made valuable contributions to AHD due to her specialized education, training, and experience.

12. On or about July 29, 2015, one of the newly elected AHD commissioners, Wiley Douglas, called Scott and requested that she meet with him at the AHD maintenance shed along with Commissioner Leroy Robinson. When Scott arrived she was immediately told that she was being terminated because "she was not able to operate the road grader

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

and she was overqualified for the position." Scott was advised they preferred to have a "man" operate the road grader.

13. Subsequent to terminating the employment of Scott, the AHD replaced her by hiring a less qualified male to perform Scott's job.

14. Scott filed a timely complaint with the EEOC and Idaho Human Rights Commission which conducted an investigation and made a determination August 31, 2016, that there was "probable cause to believe that illegal sex discrimination occurred" in relation to Scott's termination. On September 29, 2016, a right to sue letter was issued to Scott.

15. Scott has been damaged as a result of AHD's illegal discrimination. Scott was unable to find replacement employment until May 18, 2016, when she became employed at the Minidoka Irrigation District earning $17.01 per hour. Scott reasonably expected to earn approximately $30,000.00 per year given her raise from $16.00 per hour to $20.00 per hour after becoming a certified "Road Scholar" and assigned work as a "Road Master." Given most workers at AHD were typically long time employees of AHD it was reasonable for Scott to expect to work there until retirement and therefore claims back pay damages from July 29, 2015 until the date of trial in this matter, front pay damages until the expected retirement of Scott, compensatory damages for emotional pain, suffering, inconvenience, mental anguish, lost enjoyment of life, and other non-pecuniary losses. Scott's damages exceed $150,000.00.

16. Scott seeks an award of the costs and attorney fees she incurs and has incurred prosecuting this action under Title VII and 42 USC § 1988(b), (c). A reasonable

attorney fee is $400.00 per hour for all time reasonably required to pursue this claim.  In the event of a default judgment a reasonable attorney fee is $10,000.00.

WHEREFORE, Scott prays for judgment against AHD as follows:

1.      For back pay damages of approximately $23,750.00 for the time period of July 29, 2015, until Scott became employed on May 8, 2016;

2.      For back pay damages in an amount to be determined of not less than $500.00 per month after May 8, 2016, until the date of trial;

3.      For front pay damages after trial until Scott's retirement in an amount to be determined at trial;

4.      For compensatory damages in an amount to be determined at trial;

5.      For reasonable attorney fees and court costs incurred prosecuting this action; and

6.      For such other and further relief as the Court determines is just and appropriate.

DATED this 14th day of December, 2016.

                JEFFREY J. HEPWORTH, P.A.
                & ASSOCIATES


                By  /s/ Jeffrey J. Hepworth
                    Jeffrey J. Hepworth
                    Attorneys for Plaintiff